UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGHAN SANCHEZ,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>LIBERTY CHEVROLET, INC. DBA BRONX HONDA and AMERICAN HONDA FINANCE CORPORATION, aka HONDA FINANCIAL SERVICES,<br><br>　　　　　　　　Defendants. | Case No.: |

## COMPLAINT

Plaintiff, Meghan Sanchez ("Plaintiff") brings this action to secure redress Liberty Chevrolet, Inc. DBA Bronx Honda ("Dealer") and American Honda Finance Corporation, aka Honda Financial Services (the "Bank" and together with the Dealer, "Defendants") relating to a financed automobile purchase transaction and alleges as follows:

## NATURE OF THIS ACTION

1. In June 2023, Plaintiff shopped for a new used car with the Dealer. Through a variety of sharp and deceptive practices, Plaintiff was conned into buying a used 2020 Honda CRV, Vehicle Identification Number 3CZRU6H12LM37434 (the "Vehicle"), paying significantly more than the agreed-upon. The cost of the Vehicle been grossly inflated and packed with costly add-ons Plaintiff did not want and did not ask for.

2. In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the New York Motor Vehicle Retail Installment Sales Act, Sec.

302 *et. seq.* ("NY MVRISA"); New York General Business Law §§ 349 and 350, New York City Administrative Code § 20-268, and common law claims for fraud.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1640.

4. This Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

5. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of took place in this District and the Dealer maintains offices, transacts business, and is otherwise found in this district.

## PARTIES

7. Plaintiff is a natural person residing in the Bronx, New York.

8. Upon information and belief, the Dealer, a used car dealership, is a domestic corporation organized and existing under the laws of the State of New York with a place of business located at 2541 E Tremont Ave., Bronx, NY 10461.

9. Upon information and belief, the Bank is a national banking association and, among other things, provides automobile loans and loan servicing nationwide including in the State of New York.

10. The Bank is, upon information and belief, assignee of Plaintiff's contracts with the Dealer and, as a result, is subject to all claims and defenses pursuant to federal and New York law.

**FACTS**

11. In May 2023 Plaintiff was in the market for a new used car and found a Jeep advertised for sale with the Dealer.

12. On May 19, 2023, Plaintiff visited the Dealer's dealership to express interest in purchasing the Jeep but was told that her credit did not she could qualify for financing. A representative of the Dealer told Plaintiff that if she came back in a few days, they would find her something comparable to the Jeep for which she would quality.

13. When Plaintiff returned the next day, she was shown the Vehicle which she agreed to purchase for the advertised price of $26,784.36.

14. It was ultimately agreed that Plaintiff would make a $2,400.00 down payment with the balance to be financed. $1,000.00 of the down payment would be paid that day and the remaining $1,400 would be paid in two weeks.

15. During closing of the transaction Plaintiff was instructed by the Dealer's representative to sign certain hard copy documents but also to sign digital copies of other documents. None of what Plaintiff was signing was reviewed or explained to her, she was just simply instructed where to sign. Plaintiff was not directly presented with copies of any of the documents to which her signature or initials were supposedly affixed. Plaintiff was not given an opportunity to review any of the sale documents before signing.

16. Plaintiff was handed the keys to the Vehicle to which license plates and a temporary registration had been affixed.

17. Thereafter, Plaintiff discovered that among the sale documents to which her signature was affixed, was a Retail Installment Simple Finance Charge Agreement (the "RISC").

18.  In reviewing the RISC, Plaintiff discovered that the cost of the Vehicle was not as agreed and that the down payment was listed at $6,500.00 although she had agreed to only pay a $2,400 down payment.

19.  The "Cash Price" of the Vehicle stated in the RISC is $28,995.00 - $2,197.00 more than the advertised and agreed upon sale price.

20.  The "Itemization of Amount Financed" section of the RISC includes a "Honda Care" "VSC" listed at the cost of $3,00.00.  Plaintiff did not ask to purchase a service contract but was falsely told that she could not buy the Vehicle without also purchasing this add-on because the Bank would not allow it.

21.  At all relevant times Defendants acted willfully and in bad faith.

22.  The unlawful actions described herein harmed Plaintiff.

**FIRST CAUSE OF ACTION**
**<u>VIOLATIONS OF TILA</u>**
(15 U.S.C. § 1601 *et. seq*. TILA)

23.  Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

24.  Plaintiff's transaction as described herein was a consumer credit transaction within the meaning of the TILA, and Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

25.  Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

26.  Defendants are creditors within the meaning of TILA and Regulation Z, 15 USC § 1602(f) and Reg Z § 226.2(a)(17).

27.  The RISC lists a motor vehicle, an article of personal property, as collateral.

28.  The RISC is a written agreement, payable in more than four installments.

29. The finance charge indicated on the RISC exceeds $1,000.00.

30. The copy of the RISC that was provided to Plaintiff is inconsistent with oral disclosures made by the Dealer on the date of the transaction.

31. Defendants failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA §§ 1631 and 1632 and Regulation Z.

32. The required purchase of the Addons as a condition of financing is a "finance charges" as defined under TILA § 1605(a) and Regulation Z § 226.4(a).

33. As a result of Defendants' failure to properly include these and/or other fees and charges as finance charges, the sale price, finance charge, amount financed, and APR disclosed in the RISC are all materially misstated, in violation of TILA and Regulation Z. e.g. § 1638(a)(2) through (5) and §226.18(b), (d), (e), and (h).

34. Defendants have failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA and Regulation Z. e.g. 15 U.S.C. § 1632(a), § 1638(a), and Regulation Z, e.g. 12 C.F.R. § 226.17(a)(1).

35. As a result of Defendants' incomplete, inaccurate, and materially misstated disclosures, Plaintiff has suffered actual damages, including but not limited to additional charges, some of which are additional fees corresponding to no legitimate good or service and some of which correspond to products that Plaintiff did not want or need, and all of which Defendants added to the transaction incident to the extension of credit.

36. Had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiff would not have agreed to purchase the Vehicle on the terms and conditions imposed on her by Defendants and instead would have sought to purchase a vehicle without the unwanted and unnecessary additional charges imposed on them.

37. Additionally, had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiff would have sought and obtained an alternate transaction.

38. For these reasons, Defendants are liable under TILA and Regulation Z (see, e.g. 15 U.S.C. §§ 1640 and 1641) for statutory damages, actual damages, attorneys' fees, litigation expenses and costs, for a declaratory judgment that they have violated TILA and Regulation Z, and for such other or further relief as the Court deems appropriate.

39. The Bank, upon information and belief, is assignee of the contracts entered into between the Dealer and Plaintiff as a result, is subject to all claims and defenses as the TILA violations set forth herein are clear upon the face of the documents assigned.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF NEW YORK MVRISA
(N.Y.P.P.L. § 301 *et seq.*)

40. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

41. The Dealer is a "retailer seller" within the meaning of MVRISA §301(3).

42. The transaction as described above involved a "retail installment sale" within the meaning of MVRISA §301(4).

43. MVRISA expressly incorporates all TILA disclosure requirements, providing, in addition to all of its other requirements that "[a]ll items required to be disclosed by the act of congress entitled "Truth in Lending Act" and the regulations thereunder, as such act and regulations may from time to time be amended." §302(5)(1).

44. As set forth above, Defendants violated numerous TILA provisions.

45. As set forth above, the RISC provided to Plaintiff was in gross violation of TILA's requirements.

46. The violations set forth herein were both knowing and willful.

47. Defendants had ample opportunities to correct the violations but failed to do so.

48. For all of the reasons stated herein, under MVRISA § 307, Defendants are barred from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiff is entitled to costs and attorney's fees.

**THIRD CAUSE OF ACTION**
**<u>DECEPTIVE TRADE PRACTICES</u>**
(N.Y. Gen. Bus. Law § 349(h))

49. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

50. Plaintiff is a person within the meaning of N.Y. Gen. Bus. Law § 349(h) who has been injured by reason of the deceptive acts or practices of Defendants.

51. Each of the deceptive acts and practices set forth herein constitute violations of NYGBL § 349 independent of whether these acts and practices constitute violations of any other law.

52. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are the types that could easily recur, could potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

53. Upon information and belief, the Dealer routinely hides the true cost of borrowing from its customers by, as in Plaintiff's case, misstating the amounts financed.

54. The Dealer's conduct and statements were materially misleading.

55. These deceptive acts and practices were committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

56. As a result of these violations of NYGBL §349, Plaintiff suffered pecuniary and non-pecuniary harm.

57. Upon information and belief, the Dealer's violations were willful and knowing and committed in bad faith.

58. For these reasons, Plaintiff is entitled to actual damages, three times the actual damages up to $1,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h), and declaratory judgment that Defendants' practices are deceptive as defined under § 349.

**FOURTH CAUSE OF ACTION**
**<u>FALSE ADVERTISING</u>**
(N.Y. Gen. Bus. Law § 350)

59. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

60. Pursuant to General Business Law §350-a(1), the term "false advertising" means advertising if such advertising is misleading in a material respect.

61. The Dealer engaged in unlawful "false advertising" prohibited under General Business Law §350-a(1) by making representations, either by statement, word, design, device, sound or any combination thereof, to Plaintiff and the public -- online and on the dealership lot, that were materially misleading including, but not limited to, that the sale price of the Vehicle was thousands of dollars less than the price it eventually charged.

62. This false advertising was committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

63. The Dealer's false advertising was done knowingly and willfully and committed in bad faith.

64. The Dealer's advertising was misleading in a material respect by failing to reveal that the advertised sale price for the Vehicle would not be honored and or would require the purchase of additional products such as the Add-Ons.

65. The Dealer's advertising was misleading in a material respect by failing to reveal that the advertised price required purchase of the Addons.

66. As a result of The Dealer's false advertising, Plaintiff has been injured and seeks actual damages, three times the actual damages up to $10,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 350 as well as declaratory judgment that Defendants' practices are false advertising pursuant to General Business Law §350-a.

## FIFTH CAUSE OF ACTION
## COMMON LAW FRAUD

67. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

68. The Dealer asserted false representations of material facts as set forth above, including but not limited to, that the agreed sale price of the Vehicle was $26,784.36.

69. The Dealer asserted false representations of material facts as set forth above, including but not limited to, that the sale documents would reflect the terms as agreed which did not include Plaintiff's purchase of a $3,000.00 service contract and the inflated the sale price of the Vehicle.

70. Upon information and belief, the Dealer knew that the representations were false, or the representations were made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to it.  This is because the Dealer knew that it had inflated the cost of the Vehicle.

71. The Dealer made these false representations for the purpose of defrauding Plaintiff and to entice her to buy the Vehicle at a cost many thousands of dollars more than he had agreed.

72. Had the Dealer told Plaintiff the truth, Plaintiff would not have purchased the Vehicle from the Dealer on the terms stated in the RISC.

73. Plaintiff justifiably relied upon the Dealer's misrepresentations in agreeing to sign the RISC.

74. Plaintiff suffered damages as a direct result of the reliance upon the misrepresentations.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment in her favor and grant the following relief:

    **(a)**     **On the First Cause of Action:**

    Judgment in favor of Plaintiff and against Defendant for violating TILA awarding (a) statutory damages, (b) actual damages (c) costs; (d) reasonable attorneys' fees, and (e) ordering Plaintiff's obligation under the RISC void;

    **(b)**     **On the Second Cause of Action:**

    Judgment in favor of Plaintiff and against Defendants for violating the MVRISA barring Defendants from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiff's costs and attorneys' fees.

    **(c)**     **On the Third Cause of Action:**

    Judgment in favor of Plaintiff and against Defendants for violating NYGBL §349 awarding (a) actual damages, (b) three times the actual damages up to $1,000.00, and (c) costs and reasonable attorneys' fees;

    **(d)**     **On the Fourth Cause of Action:**

    Judgment in favor of Plaintiff and against Defendants for violating NYGBL §350 awarding (a) actual damages, (b) three times the actual damages up to $10,000.00, and (c) costs and reasonable attorneys' fees;

    **(e)**     **On the Fifth Cause of Action:**

>   Judgment in favor of Plaintiff and against Defendants for their fraud in an amount to be proven at trial including, but not limited to, incidental and consequential damages, punitive damages and attorney fees;

**(f)     Any additional and further relief as may be deemed just and appropriate.**

Dated: Nyack, New York
         June 3, 2024

                                                **THE LAW OFFICES OF**
                                                **ROBERT J. NAHOUM, P.C.**
                                                *Attorneys for Plaintiff*

                                                By:_____
                                                     **ROBERT J. NAHOUM**
                                                48 Burd Street, Suite 300
                                                Nyack, NY 10960
                                                Telephone No.: (845) 450-2906
                                                Facsimile No.: (888) 450-8640
                                                Email: RJN@NahoumLaw.com